In the Matter of WILLIAM SELIGMAN, Petitioner, against S. HOWARD COHEN et al., as Commissioners of Election of the City of New York, et al., Respondents.*

Supreme Court, Special Term, Queens County, September 26, 1942.

*Herbert N. Skidell* for petitioner.

*William C. Chanler, Corporation Counsel (Russell L. Tarbox* of counsel), for S. Howard Cohen et al., as commissioners of election of city of New York, respondents.

*Sydney Rosenthal* for James T. Hallinan, as nominee of Democratic Party for office of surrogate in Queens county, and James A. Roe, as chairman of executive committee of Democratic Party of Queens county, respondents.

*Joseph Lonardo* for Anthony P. Savarese, as nominee of Republican and American Labor Parties for office of surrogate in Queens county, respondent.

* Affd., 264 App. Div. 959; 289 N. Y. 631.

*William B. Groat, Jr.*, for Warren B. Ashmead, as chairman of executive committee of Republican Party of Queens county, respondent.

*Thomas F. Thornton* for John Hetherington, as surrogate of Queens county, respondent.

*Myron Wisoff* for Harry Chapman, as chairman of executive committee of American Labor Party of Queens county, respondent.

RUBENSTEIN, J. This matter was referred to me by consent of all parties.

Petitioner seeks an order restraining the Board of Elections in the city of New York from printing on all ballots to be used in the general election to be held on November 3, 1942, the name of any person as a candidate for the office of Surrogate, Queens county, and for a further order declaring void the certificate of the Secretary of State filed with said Board and attesting to the fact that a vacancy will exist in such office on January 1, 1943. The respondent James T. Hallinan has filed a verified answer in which he has prayed for affirmative relief. All respondents other than John Hetherington have joined in said prayer in open court.

John Hetherington is the Surrogate of Queens county, having been elected to such office at the general election held November, 1930. Section 23 of the Judiciary Law (Cons. Laws, ch. 30) requires every Surrogate, within ten days after he enters upon the duties of his office, to make, sign and file "a certificate stating the year in which he was born." The Surrogate on January 2, 1931, made and signed a certificate wherein he stated "that I was born on the 21st day of December, 1873, and am in my 58th year * * * ." This certificate was filed with the Secretary of State on January 5, 1931. Thereafter and on May 5, 1942, the Surrogate filed a further certificate dated May 4, 1942, wherein he stated that "I was born on the 21st day of December, 1872 * * * ." Section 19 of article VI of the Constitution of the State of New York provides that "No person shall hold the office of * * * surrogate longer than until and including the last day of December next after he shall be seventy years of age."

The Secretary of State thereupon certified to the Board of Elections that a vacancy will exist in said office on January 1, 1943. At the primary election held August 11th last the respondent Hallinan was nominated by the Democratic Party and the respondent Savarese was nominated by the Republican and American Labor Parties as candidates for such office.

Petitioner contends that the only effective certificate was that filed January 5, 1931, under which the Surrogate will not attain the age of seventy years until December 21, 1943.

I have held a hearing for the purpose of determining the issues presented. The Surrogate appeared and was represented by counsel. He was fully examined under oath in open court. The proof (mostly documentary) establishes overwhelmingly and beyond any doubt that the Surrogate was born December 21, 1872, and therefore under the constitutional provision which I have cited he cannot hold office beyond December 31, 1942.

I am of the opinion, therefore, that the certificate filed on January 5, 1931, does not constitute an effective compliance with the law. I assume that the statute requires the filing of a certificate which correctly states the year of birth, and therefore the filing of the 1931 certificate did not satisfy the statute.

All parties who may be possibly interested were joined in this proceeding and appeared upon the hearing. In view of the public interest at stake, this court was requested to make a complete determination.

After due consideration I find and decide that Surrogate Hetherington was born December 21, 1872, and that the certificate attesting to his age, filed January 5, 1931, is incorrect and does not comply with the Judiciary Law and is therefore ineffectual; that the certificate filed May 5, 1942, correctly states the age of said respondent and such certificate should therefore be considered filed *nunc pro tunc* as of January 5, 1931, and corrective of and supplemental to the incorrect certificate attempted to be filed that day; that the Secretary of State properly certified the existence of a vacancy in such office to the Board of Elections, which vacancy must be filled for a full term at the forthcoming general election.

The application is, therefore, denied.